IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ASHANTA DAVIS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-869-L** |
| | § | |
| **NISSAN MOTOR ACCEPTANCE CORPORATION**, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Judgment on the Pleadings. No response was filed to the motion. After careful consideration of the motion, record, and applicable law, the court **denies without prejudice** Defendant's Motion for Judgment on the Pleadings.

### I.   Background

Ashanta Davis ("Plaintiff" or "Davis") originally filed this action on March 31, 2009, in the 95th Judicial District Court, Dallas, County, Texas, against Nissan Motor Acceptance Corporation ("Defendant" or "NMAC"). Plaintiff does not set forth any facts for the basis of his[1] claim. Apparently, he contends that there is some incorrect data in his credit history and seeks an order from the court directing NMAC "to stop reporting all incorrect credit information" and "[t]o permanently remove all incorrect information from the files of Equifax, TransUnion, Innovis, and Experian credit reporting services." Pl.'s Compl. 2. NMAC removed the case to federal court on May 5, 2009, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] In its court filings, NMAC refers to Plaintiff as "she"; however, Plaintiff's "Complaint" filed in state court uses the word "his" when referring to Plaintiff. The court therefore uses the masculine designation for Plaintiff. Although Davis refers to his state pleading as a "complaint," the correct word is "petition." To avoid confusion and maintain consistency, the court will use the same appellation as that used by Plaintiff for the document.

## II.     Rule 12(c) - Standard for Judgment on the Pleadings

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co.,* 313 F.3d at 312. While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Although there is no specific language in Rules 7 or 12 of the Federal Rules of Civil Procedure that states when the pleadings close, the following is accepted by numerous federal courts as to when the pleadings close:

> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 at 213 (2004) (footnotes omitted). As Defendant filed an answer in state court, and there are no counterclaims, cross-claims, or third-party claims, the pleadings are closed, and a motion for judgment on the pleadings is in order.

**III.   Analysis**

Plaintiff's pleadings are simply too bare-bones and conclusory for the court to ascertain the nature of his claim. As previously stated, he sets forth no facts for the bases of his claim. To state a claim for relief, the pleading must, among other things, include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary that the pleader set forth each and every element or factual allegation of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002). The "short and plain statement," however, must contain sufficient facts "that will give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

From Plaintiff's pleadings, there is no way for NMAC to determine what it allegedly did to Plaintiff to cause him legal harm. Even a liberal application of Rule 8 and existing precedent requires this court to guess, speculate, make unreasonable inferences, or fill in the blanks as to what Plaintiff *might* be pleading against NMAC. Plaintiff's allegations against NMAC do not contain sufficient facts to provide NMAC with fair notice of what his claim is and the grounds upon which it rests. As such Plaintiff's Complaint is wholly inadequate to state a claim upon which relief can be granted.

The story, however, does not end here. Because Plaintiff is proceeding *pro se*,[2] and a court should allow a litigant to correct deficiencies at this stage, the court will allow Plaintiff an opportunity to amend his pleadings to attempt to state a claim against NMAC. If Plaintiff desires to amend, he must do so in accordance with Rule 8, this opinion, and the time allowed by the court.

## IV.   Conclusion

Even though his pleadings do not comply with Rule 8, the court will not dismiss Plaintiff's Complaint at this juncture; he will be given a chance to replead. Accordingly, the court **denies without prejudice** Defendant Nissan Motor Acceptance Corporation's Motion for Judgment on the Pleadings. Plaintiff shall **replead** his claim against NMAC. Specifically, he must include sufficient facts to make clear the claim he is making against NMAC and what NMAC did or refused to do that caused him harm. In doing so, Plaintiff must comply with Rule 8 and the standard set forth in section II of this opinion. *If Plaintiff fails to replead as ordered by the court, the court will dismiss this action pursuant to Rule 12(b)(6) or Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff shall file his amended pleading no later than **October 30, 2009.***

**It is so ordered** this 16th day of October, 2009.

Sam A. Lindsay
United States District Judge

---

[2] Pleadings of *pro se* plaintiffs are to be liberally construed and not to be held to the same standards as those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 510 (1972). Plaintiff, however, is not exempt from the pleading requirements of Rule 8 and the standard set forth in section II of this opinion.